Mr. Justice Tuottek
delivered the opinion of the court:
The errors which have been assigned resolve themselves into the question, whether the instructions of the court, as set forth above, are in accordance with the law. It is insisted on the part *163 of the plaintiff in error, that under the statute of this state, which allows the defendant in any action to plead as many different matters of defence as he may choose, if several pleas in bar are pleaded, each of them is treated and operates as if it were pleaded alone, and that one cannot be taken in to help or destroy another, but that every plea must stand or fall by itself. And, consequently, that the statements in a special plea of justification, cannot be given in evidence under the general issue, in the action of slander or any other. And that not being admissible to prove the speaking of the words in the action of' slander, it is not admissible for any other purpose.
There can be no doubt that the plea in justification, when accompanied by the general issue, cannot be given in evidence to support that issue on the part of the plaintiff; for that would defeat the very object of the statute, by rendering the plea of not guilty an absolute nullity. And accordingly it has been uniformly held, both in England, under the statute of Anne, and in this country, where similar statutes have been enacted, that the proof of one issue is not dispensed with by any admissions in another plea. And that the plea of justification, in actions of slander, does not destroy the effect of the plea of not guilty. It is true that the supreme court of Massachusetts have in several cases decided differently. 3 Mass. Rep. 553. 15 do. 48, 1 Pick. 1. 5 Pick. 303. But we apprehend that that court stands alone in the opinion thus maintained, and that no state in the Union has made a similar decision. On the contrary, it stands opposed to the uniform practice under the act of Anne, in'England, and to the whole weight of British, as well as American adjudications. Gould’s Pl. 442. Cilley v. Jenness, 2 N. Hamp. Rep. 89. 1 D. & E. 118. 5 Serjeant & Rawle, 411. 5 East, 463. 5 Car. & Payne, 247. 2 Phil. Evid. 96. But this is not the precise question presented by the record, in the present case. For the bill of exceptions shows that the judge, in charging the jury, stated explicitly, that the statements in the special plea were not admissible to prove the speaking, of the slanderous words, but that they were admissible to show the quo animo or intent with which they were spoken, and might be taken into consideration in aggravation of damages. This was perhaps unnecessary, as the law imputes malice or an evil intention in all cases, when *164 words actionable in themselves are spoken, and no proof is offered to counteract this presumption.
When a man in the heat of passion or in confidence, or by mistake, utters words imputing crime to another, he is surely not so guilty, or deserving the same punishment, as he who upon mature reflection, deliberately repeats the defamation, in open court, before the whole country, and writes it upon the public records. And hence it has been decided that when the defendant has justified the slander, he shall not be permitted after it has been proven upon him by the plaintiff, to offer proof in mitigation, such as has been just stated. 3 Mass. Rep. 553. And whether that decision upon that precise point be correct or not, yet as in the case at bar no proof was offered to disprove malice, the law inferred it from the very fact of uttering the slander. To permit the plaintiff to use the special plea as evidence of malice, does not militate against the rule that each plea must stand or fall by itself. It is the same thing as urging its statements in aggravation of damages, which the courts have always allowed.
In the case of Lea & Wife v. Robertson, 1 Stewart’s Alabama Rep. 138, the defendant filed the general issue of not guilty, and also a special plea in justification. And after he had failed in his proof, he proposed to withdraw the special plea, but the court refused to permit him, and instructed the jury, that they might take it into consideration in aggravation of the damages, and the supreme court sustained the opinion of the judge who gave the instruction. This is decisive of the present question, for the plea can only go to aggravate the damages upon the principle that it is indicative of malice.
The exception against the instructions of the court, upon the ground that they were uncalled for. under the act of 1833, is not, as we conceive, supported by the record. The defendant asked the judge to instruct the jury that the special plea was not evidence of the speaking of the words, or of the intent, &c., and the court responded, by stating to the jury that it was not evidence of the speaking, but of the intent, and added what was included in the foregoing member of the charge, that it might be taken into consideration in aggravation of damages. To this we see no objection.
Let the judgment be affirmed.